UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>             Plaintiff,<br><br>  vs.<br><br>DENNIS KAEMINGK, ROBERT DOOLEY, DARIN YOUNG, TROY PONTO, DERRICK BIEBER, TIM MEIROSE, LANA JACKSON, RILEY DEGROOT, RYAN VANDERAA, WILLIAM ALLEN, J. ZOSS, UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, AILEEN WINTERS, SOUTH DAKOTA PAROLE DIVISION, SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, SOUTH DAKOTA SEX OFFENDERS MANAGEMENT PANEL, DAVID KAUFMAN, JOSHUA KAUFMAN, TRAVIS RIPPERDA, J.C. SMITH, CHRISTIAN KIESO, ROBIN DOORN, PHIL TOFT,<br><br>             Defendants. | 4:16-CV-04057-KES<br><br><br>ORDER GRANTING MOTION TO AMEND, DISMISSING COMPLAINT IN PART, DIRECTING SERVICE, GRANTING MOTION TO SUPPLEMENT COMPLAINT, DISMISSING SUPPLEMENTAL COMPLAINT, AND DENYING MOTION TO APPOINT COUNSEL |

**INTRODUCTION**

Plaintiff, Winston Grey Brakeall, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Brakeall now moves to amend and supplement his complaint and moves the court to appoint him counsel. Docket 24; Docket 26; Docket 30. For the reasons below, the court grants Brakeall's motion to amend and supplement his complaint, screens his complaint under 28 U.S.C.

§ 1915A, dismisses the complaint in part, directs service, and denies his motion to appoint counsel.

**PROCEDURAL BACKGROUND**[1]

On April 26, 2016, Brakeall filed his original complaint under 42 U.S.C. § 1983. Docket 1. The court screened his complaint under 28 U.S.C. § 1915A, partially dismissed the complaint and directed service on the remainder. Docket 16. Brakeall did not attempt to have his complaint served, instead, he filed an amended complaint. Docket 24. In his amended complaint, he alleges nearly identical facts as in his original complaint, but he rephrases his claims and only raises claims under the Eighth Amendment. Docket 24.

On October 7, 2016, Brakeall moved to supplement his complaint. Docket 30. In his supplement, he raised claims concerning his parole that the court previously had dismissed and that he had left out of his amended complaint. *Id.* On the same day, Brakeall moved the court to appoint him counsel. Docket 26.

**DISCUSSION**

**I.    Motion to Amend**

Brakeall moves to amend his complaint. Docket 24. He provided a proposed amended complaint as the court ordered. Docket 24-1. Under the Federal Rules, "A party may amend its pleading once as a matter of course

---

[1] The factual background of this case was discussed at length in the court's order screening Brakeall's original complaint. Docket 16. The factual allegations in the original and amended complaint are very similar. The court has noted when added factual allegations in the amended complaint affect the court's analysis.

within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1). Because Brakeall's complaint has not been served, he may amend his pleading as a matter of course. Therefore, his motion is granted. The court must now re-screen his complaint under 28 U.S.C. § 1915A.

## II.   Screening the Amended Complaint Under § 1915A

Under 28 U.S.C. § 1915A the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief."

### A.   Jackson, DeGroot, Vanderaa, and Zoss

Although Brakeall includes Jackson, DeGroot, Vanderaa, and Zoss in the caption of his amended complaint, he does not mention them in any of his "Grounds for Relief[.]" *See* Docket 24-1 at ¶¶ 127-133. Brakeall may have intended to raise a failure to protect claim against these defendants. To the extent that he does, he fails to state a claim for the same reasons that were outlined by this court when it screened his original complaint. *See* Docket 16 at 16-18.

Brakeall alleges that Jackson frequently dealt with the aftermath of fights at SDSP, but her supervisors had not properly trained her to investigate assaults in the cell blocks. Docket 24-1 ¶ 68. But by the time Jackson interacted with Brakeall, he had already been attacked, and she merely escorted him from the SHU to health services. Therefore, Brakeall fails to state a claim against Jackson for failure to protect him.

3

Brakeall also fails to state a claim against DeGroot for the same reason. In his amended complaint, Brakeall alleges that it is part of DeGroot's job to classify inmates and give them housing assignments. *Id.* ¶ 107. DeGroot, however, merely escorted Brakeall back to his cell after Brakeall was attacked by a fellow inmate. Brakeall does not allege that DeGroot improperly classified him or that this classification injured him. Therefore, Brakeall fails to state a claim against DeGroot.

Brakeall did not allege any new facts concerning Vanderaa. The court previously found that Brakeall failed to state a claim against Vanderaa. With regard to Zoss, the amended complaint adds the allegation that Zoss had a conversation with Allen while they waited with Brakeall in the emergency room. *See Id.* ¶¶ 77-88. But during this conversation, Zoss merely discussed her job with Allen and expressed her opinion that the level of training at the South Dakota Department of Corrections was inferior to training she had received at other facilities. *Id.* But these conversations do not support possible claims against Zoss. Therefore, Brakeall fails to state a claim against Zoss and Vanderaa.

### B.  Failure to Protect

"Because being subjected to violent assault is not 'part of the penalty that criminal offenders [must] pay for their offenses,' '[t]he Eighth Amendment imposes a duty on the part of prison officials to protect prisoners from violence at the hands of other prisoners." *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923

(8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998)).

> In order to establish an Eighth Amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a 'substantial risk of serious harm. In doing so, a prisoner must satisfy two requirements. . . . The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate is incarcerated under conditions posing a substantial risk of serious harm. The second requirement is subjective and requires that the inmate prove that the prison official had a sufficiently culpable state of mind. In prison conditions claims, . . . the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety. An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably.

*Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014) (quoting *Whitson*, 602 F.3d at 923) (internal citations and quotations omitted).

Paragraphs 129, 131, and 132 all essentially make the same claim: that Kaemingk, Dooley, Young, Ponto, Meirose, Bieber, Allen, Winters, and Unknown DOC employees failed to protect Brakeall after they became aware he was in danger. In the screening of Brakeall's original complaint, the court found that he stated a failure to protect claim against Bieber, Meirose, Allen, and Unknown DOC Employees. In his amended complaint, Brakeall again states a claim against these defendants that survives screening under 28 U.S.C. § 1915A.

Brakeall fails to state a claim against Kaemingk, Dooley, Young, and Ponto. In his amended complaint, he does not allege that Kaemingk, Dooley, Young, or Ponto were aware of the fact that he had been attacked. He also does not allege that Kaemingk, Dooley, Young, or Ponto were aware of the fact that

5

other inmates continued to threaten Brakeall and that Brakeall continued to be in danger. In his amended complaint, Brakeall alleges that he asked Ponto about investigating the assaults after the assaults had happened, Docket 24-1 ¶ 114, but he did not make Ponto aware that he was in substantial risk of future assaults. Therefore, Brakeall fails to state a claim that Kaemingk, Dooley, and Young violated his Eighth Amendment rights by failing to protect him.

Brakeall also fails to state a claim against Winters. In his amended complaint, he alleges that Winters is a parole agent employed by the Sioux Falls Parole Office. *Id.* ¶ 14. As such, she is not involved in housing decisions at SDSP that affect the safety of the prisoners. Brakeall alleges that prison officials could have done something about his safety, meaning that there was a situation in which he could be incarcerated, yet still safe. Winters had nothing to do with that decision. From his amended complaint, it appears that Winters merely served Brakeall with an administrative detainer report. The connection between this action and his assault is too attenuated to support an Eighth Amendment claim. Therefore, Brakeall fails to state a claim against Winters.

  **C. Failure to Properly Staff SDSP**

Brakeall alleges that Kaemingk, Dooley, and Young violated his Eighth Amendment rights by failing to properly staff SDSP. *Id.* ¶ 127. He alleges that "[d]ue to chronic understaffing, predatory inmates are, by default, allowed to 'run' the cell halls at SDSP, savagely attacking inmates of the 'wrong' race or who have been convicted of the 'wrong' crimes." *Id.* He claims that the

6

understaffing "makes it very likely that sex offenders and non-violent inmates will be assaulted." *Id.*

Brakeall's staffing claim is essentially a claim of unconstitutional conditions at SDSP. Similar deliberate indifference claims have been based on double-celling and overcrowding. Concerning double-celling, the Eighth Circuit held, "Double celling is not unconstitutional for a general prison population absent deprivation of food, medical care, sanitation, increased violence, or other conditions intolerable for incarceration." *C.H. v. Sullivan*, 920 F.2d 483, 485 (8th Cir. 1990) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981)); *see also Kitt v. Ferguson*, 750 F. Supp. 1014, 1020–21 (D. Neb. 1990), *aff'd*, 950 F.2d 725 (8th Cir. 1991) (same).

In *Patchette v. Nix*, 952 F.2d 158 (8th Cir. 1991), a prisoner alleged that overcrowding in the prison where he was housed rose to an unconstitutional level. The court explained, "There is no static test for determining whether conditions of confinement are cruel and unusual. . . . Whether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility." *Id.* at 163. The court of appeals agreed with the district court's finding that "the temporary living arrangements did not 'evince the wanton and unnecessary infliction of pain necessary to constitute a violation of the Eighth Amendment.' " *Id.* (quoting *Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir.1987), *cert. denied*, 485 U.S. 906 (1988)). The evidence on the record in *Patchette* was "insufficient to support a conclusion that the

overcrowding led to . . . increased violence among inmates or other conditions intolerable for prison confinement." *Id.* (citing *Cody*, 830 F.2d at 914).

Brakeall states a claim that Kaemingk, Dooley, and Young violated his Eighth Amendment rights by understaffing SDSP. He alleges that understaffing led to his attacks. He alleges that he was injured more severely because his attacks were not stopped and that the attacks were not stopped because of an insufficient number of staff at SDSP. Therefore, unlike plaintiffs in *Sullivan* and *Patchette*, he alleges "increased violence" necessary to state an Eighth Amendment claim. Thus, this claim survives screening.

### D. Mixing Violent and Non-Violent Offenders and Inmate Placement

Brakeall alleges that the classification system that Dooley maintains of housing violent and non-violent offenders together violates the Eighth Amendment. Docket 24-1 ¶ 130. He alleges that young inmates are housed with hardened criminals who are much bigger than them. *Id.* He also alleges that he is a timid inmate but is housed with predators and gang members. *Id.*

Brakeall fails to state a claim under the Eighth Amendment. First, being housed with other adult inmates who have committed violent crimes is a normal part of incarceration. *See Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996) (holding that "not all unsafe conditions are cruel and unusual punishment under the Eighth Amendment"). Second, by the parameters of Brakeall's claim, his own rights have not been violated. He *is* a violent criminal. According to his original complaint, he is a convicted child molester. Docket 1

8

¶ 29. This does not mean he should not be protected from other inmates while incarcerated, but it does mean he is likely to be housed with inmates who, like him, have committed serious, violent crimes. Brakeall fails to state a claim upon which relief may be granted concerning the classification system. Therefore, his claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Brakeall also claims that Dooley and Young failed to implement procedures for the safe placement of inmates. Docket 24-1 ¶ 128. To the extent this claim concerns defendants' failure to protect him, he states a claim, as discussed above. To the extent he claims that defendants violated his constitutional rights by placing him with other violent inmates, he fails to state a claim. Therefore, Brakeall fails to state a separate claim concerning placement procedures.

Brakeall further claims that defendants have a responsibility to train staff to remove inmates from general population when they are threatened. *Id.* To the extent Brakeall raises a failure to protect claim, he states a claim, as stated above. He does not, however, allege any facts that connect Dooley and Young to these decisions or show that training is lacking. His complaints amount to an assumption that because his rights were violated, training at SDSP is inadequate. He fails to state a claim concerning inmate placement and SDSP training. Therefore, these claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. Discipline for Protective Custody Request

Brakeall alleges that Allen and Unknown DOC officers violated his Eighth Amendment rights by threatening to punish him for requesting protective custody. Docket 24-1 ¶ 133. Brakeall alleges that this forced him to choose between parole and safety. *Id.* To the extent Brakeall claims that Allen and Unknown DOC officers failed to protect him by denying him protective custody under threat of losing his parole eligibility, he states a claim, as discussed above. To the extent Brakeall claims that he was unconstitutionally disciplined for refusing housing, he fails to state a claim. He was never punished. The injuries he suffered came from the attacks, which form the basis for his failure to protect claim. Brakeall's injury was not the result of him being given the choice between returning to unsafe housing or of being punished and losing parole eligibility. Therefore, his claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## III. Motion to Supplement Complaint

Brakeall moves to supplement his complaint. Under the Federal Rules

> the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "The rule is permissive for the parties and discretionary for the court." *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d

883, 886 (8th Cir. 2000); *see also U.S. ex rel. Kinney v. Stoltz,* 327 F.3d 671, 673 n.4 (8th Cir. 2003) (same).

Brakeall's supplement does not satisfy Rule 15(d). The event he complains about, his polygraph exam, did not happen after the date of the pleading he seeks to supplement. He filed his original complaint on April 26, 2016. Docket 1. He alleges that he violated his parole via the answers to questions in his polygraph exam on December 1, 2015. Docket 30 at 3.

Further, Brakeall seeks to supplement his original complaint. *Id.* at 2. The court dismissed his claims concerning his polygraph exams in his original complaint, and although Rule 15(d) allows Brakeall to supplement a defective claim, he filed an amended complaint that replaced his original complaint. His amended complaint did not raise these claims. As the Eighth Circuit explained, "An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. Mo. 1939)). Brakeall's supplement does not fit this description as to his amended complaint, which is the only complaint in the case.

The court, however, has discretion to grant Brakeall's motion. Also, civil rights and pro se pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d

11

835, 839 (8th Cir. 2004). Brakeall is a prisoner without legal training. For all of these reasons, the court grants Brakeall's motion to supplement his complaint.

Because Brakeall filed his case in forma pauperis and he is a prisoner, the court must screen his supplement under 28 U.S.C. § 1915A. In his supplement, Brakeall alleges that he was forced to take a polygraph exam as a condition of his parole. Docket 30 at 3. In the exam, Brakeall was asked whether, since his last exam, he had contact with the sex organs of anyone under the age of 18, solicited sex from anyone under the age of 18, or viewed pornographic images of anyone he knew to be under the age of 18. *Id.* at 4. Brakeall failed the polygraph exam, which violated his parole, and he was sent back to prison. *Id.*

Brakeall bases his claims on *United States v. Von Behren*, 822 F.3d 1139 (10th Cir. 2016). Von Behren was serving a term of supervised release stemming from a conviction for distribution of child pornography in federal court. *Id.* at 1141. One of the conditions of his supervised release was passage of a polygraph exam very similar to the one given to Brakeall. *Id.* Von Behren argued that the polygraph condition violated his Fifth Amendment privilege against self-incrimination. *Id.* He moved the court to stay proceedings, and when this was denied, he appealed to the Tenth Circuit Court of Appeals. *Id.* The court of appeals found this was a violation of Von Behren's Fifth Amendment rights and it reversed the district's court decision to revoke Von Behren's supervised release. *Id.*

The holding in *Von Behren* is inapplicable to Brakeall's case. Von Behren challenged the revocation of his supervised release on direct appeal. Brakeall is trying to challenge the revocation of his parole in a separate action brought in federal court under § 1983. The proper vehicle Brakeall's claim that he has been wrongly incarcerated is a habeas petition under 28 U.S.C. § 2254. Because Brakeall challenges the revocation of his parole and his incarceration when his "conviction" has not be overturned, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

This case is also distinguishable from *Von Behren* because Brakeall was convicted in state court and state officials determined that he had violated his parole after he failed the polygraph exam. It is inappropriate for a federal court to make a determination on whether his parole violation should be overturned before this claim is brought before a state court. Brakeall fails to state a claim upon which relief may be granted in his supplement. Therefore, his claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.  Renewed Motion to Appoint Counsel

Brakeall again moves the court to appoint him counsel. Docket 26. Brakeall argues that the "grounds provided in Plaintiff's previous motion to appoint counsel still apply as no significant change in his circumstances has occurred." *Id.* at 2. The court agrees, and his motion is dismissed for the same reason his previous motion was dismissed. Brakeall has now stated two distinct claims that have survived screening. Although some claims were dismissed, it was not due to Brakeall's lack of legal expertise; these claims

13

were dismissed because the law does not support them. Therefore, Brakeall's renewed motion to appoint counsel is denied.

## CONCLUSION

Brakeall states a claim that defendants Meirose, Bieber, Allen, and Unknown DOC Employees violated his rights under the Eighth Amendment by failing to protect him. He also states a claim that defendants Kaemingk, Dooley, and Young violated his rights under the Eighth Amendment by failing to properly staff SDSP.  These claims survive screening. All of Brakeall's other claims are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), including the claims raised in his supplement.

Thus, it is ORDERED

1. Brakeall's motion to amend his complaint (Docket 24) is granted.
2. The clerks office shall refile Docket 24-1, pages 1-22 as Brakeall's amended complaint.
3. Brakeall's motion to supplement (Docket 30) is granted.
4. Brakeall's failure to protect claim as against Bieber, Meirose, Allen, and Unknown DOC Employees and his failure to staff claim as against Kaemingk, Dooley, and Young survive screening. All other claims are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Brakeall fails to state a claim against Jackson, DeGroot, Vanderaa, Zoss, Ponto, David Kaufman, Joshua Kaufman, Smith, Winters, Ripperda, Kieso, Doorn, Toft, the South Dakota Parole Division, the South Dakota Department of Corrections, and the South Dakota Sex Offenders Management Panel under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). These defendants are dismissed.

6. The Clerk shall send blank summons forms to Brakeall so he may cause the summons and complaint to be served upon defendants.

7. The United States Marshal shall serve a copy of the amended complaint (Docket 24-1), summons, and this order upon defendants Meirose, Bieber, Allen, Unknown DOC Employees, Kaemingk, Dooley, and Young as directed by Brakeall. All costs of service shall be advanced by the United States.

8. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

9. Brakeall will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and

      correct copy of any document was mailed to defendants or their counsel.

10.    Brakeall will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated February 2, 2017.

                                BY THE COURT:
                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE