UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL, Plaintiff, vs. DENNIS KAEMINGK, SECRETARY OF CORRECTION FOR THE STATE OF SOUTH DAKOTA; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, CHIEF WARDEN FOR THE SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN AT SDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DERRICK BIEBER, UNIT MANAGER AT SDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TIM MEIROSE, UNIT MANAGER AT SDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; WILLIAM ALLEN, CORRECTIONAL OFFICER WITH THE RANK OF CORPORAL AT SDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, SDDOC EMPLOYEES EMPLOYED AT SDSP, JPA, AND/OR UNIT C IN SIOUX FALLS, SOUTH DAKOTA; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; Defendants. | 4:16-CV-04057-KES ORDER |

Brakeall is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 40. Brakeall now moves the court to "order defendants to provide computer access and printing, as well as copies and forms as needed without charge to plaintiff, or in the alternative, to assess the fees required by the defendants as costs at the conclusion of this action." Docket 97 at 3. Defendants did not respond to Brakeall's motion.

In support of his motion, Brakeall explains that inmates are required to pay 25 cents per printed or copied page. *Id.* at 1. As a result, Brakeall alleges that pro se litigants are forced to file handwritten pleadings. Brakeall claims that this prevents pro se litigants from complying with D.S.D. LR 83.4, which requires typewritten filings. *Id.* at 3. Brakeall also claims that pro se litigants are further prejudiced "both by the difficulty the court has in reading lengthy handwritten documents and by the impossibility of OCR scanning." *Id.* at 4.

Because Brakeall is an indigent prisoner without the ready ability to make copies and defendants can receive their filings through CM/ECF, the court will not require Brakeall to send defendants a copy of his pleadings. This will reduce the number of copies Brakeall is required to make. And because Brakeall's handwriting is legible, easy to read and scan, the court will continue to accept handwritten filings.

Fed. R. Civ. P. 54(d) addresses an award of costs to the prevailing party in whose favor judgment is entered. The rule directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than

attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In assessing costs, the court is limited to those items listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization federal courts are bound by the limitations set out in 28 U.S.C. § 1920). The Supreme Court explained,

> Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

*Id.* at 441–42. Section 1920 reads,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursement for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title . . . .

28 U.S.C. § 1920(1)-(5). If Brakeall becomes the prevailing party, the court will reconsider his motion for costs. Unless and until Brakeall becomes the prevailing party, however, his motions for costs are premature.

Thus, it is ORDERED that

1. Brakeall's motion for order (Docket 97) is denied.

2. Brakeall may satisfy his obligation to serve copies of pleadings upon defendants by sending a letter to defendants' counsel identifying all documents he files with the clerk of court. Defense counsel will

3

receive notice from the clerk of court when those documents have been filed.

3. Brakeall may, when necessary, file handwritten documents.

Dated September 18, 2018.

                                       BY THE COURT:

                                       */s/ Karen E. Schreier*
                                       KAREN E. SCHREIER
                                       UNITED STATES DISTRICT JUDGE