UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS KAEMINGK, ROBERT DOOLEY, DARIN YOUNG, DERRICK BIEBER, TIM MEIROSE, WILLIAM ALLEN, LT. R. BROWN, MAJOR STEVE BAKER, LT. CHAD ROTERT, <br><br> Defendants. | 4:16-CV-04057-KES <br><br><br> ORDER |

Plaintiff, Winston Grey Brakeall, filed this lawsuit under 42 U.S.C. § 1983. Docket 1. After defendants' motion for summary judgment based on qualified immunity, Brakeall's claims for failure to protect and failure to properly staff the SDSP remain. Docket 98. There are several motions pending before the court, including defendants' second motion for summary judgment. The court will not rule on defendants' second motion for summary judgment until defendants have had an opportunity to reply. The court will address Brakeall's motions for a temporary restraining order and preliminary injunction, to appoint counsel, to appoint an expert witness, and for sanctions. Dockets 117, 130, 133, 139, 140, 146, 151, 153.

# I. Motions for Temporary Restraining Order and Preliminary Injunction

Brakeall filed motions for injunctive relief and temporary restraining order. Dockets 146, 153. Brakeall asks the court to order defendants to "refrain from inspecting, reading, examining, or seizing the legal work or documents produced by [Brakeall]." Docket 153 at 1. Brakeall further requests that the court order defendants to not "retaliate against [Brakeall] in any fashion for his access to the courts or for his providing assistance to other inmates." *Id.* at 1-2. Finally, Brakeall requests that the court review any disciplinary action against Brakeall regarding his legal work or the assistance he provides to other inmates. *Id.* at 2. Defendants resist the motions. Dockets 147, 158, 161, 162.

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' ") (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on

other parties litigation; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.' " *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And for an injunction to issue "a right must be violated" and that "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

It is inappropriate to grant a preliminary injunction for matters "lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Omega World Travel* v. *Trans World Airlines*, 111 F.3d 14, 16 (1997) ("[A] preliminary injunction may never issue to prevent injury or harm which not even the moving party

3

contends was caused by the wrong claimed in the underlying action.");
*Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Brakeall argues that he faces a threat of irreparable harm from prison discipline and sanctions. Docket 146 at 2. Brakeall alleges that defendants have repeatedly disciplined him for his attempts to assist other inmates with legal matters or to receive assistance from other inmates. *Id.* at 2. Brakeall argues that this threatens his status in prison, the possibility of parole, and his ability to effectively litigate. *Id.*

Brakeall alleges that defendants enforce a policy from a November 28, 2019 memo that inmates can help each other with legal work but cannot be in possession of another inmate's legal materials. Docket 146-1 at 3. Brakeall was written up and found guilty of violating rule V-15, or the offense of "[h]aving in your possession, living quarters, storage area or work site any article or clothing not issued to you, not purchased through commissary, or for which you do not have special authorization . . . ." *Id.* Brakeall claims that he was drafting an affidavit for another inmate intended as part of Brakeall's case in 4:17-CV-4101-LLP. *Id.* Brakeall also had a letter for another inmate because they were working together to send a letter to the state legislature. *Id.*

Brakeall and the other inmates may state a claim from being denied access to the courts. The Supreme Court has held that prison authorities cannot prohibit prisoners from helping each other with legal matters unless

4

they provide reasonable alternative forms of assistance. *Johnson v. Avery*, 393 U.S. 483, 490 (1969). And in *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002), the Eighth Circuit held that evidence of inadequacy of the contract lawyer program supported an injunction allowing assistance by jailhouse lawyers. The preparation of legal documents is essential to accessing the court from prison.

But in this case, Brakeall's claims involve failure to protect and failure to adequately staff the SDSP. The access to the courts issue is outside of the issues presented in this case. The Eighth Circuit has considered the relationship requirement in prisoner lawsuits. In *Devose*, an inmate in state custody filed a complaint alleging that he was being denied adequate medical treatment. 42 F.3d at 471. While that case was pending, Devose sought an injunction to stop prison officials from taking actions that constituted retaliation for his filing of the lawsuit. *Id.* In affirming the district court's denial of the requested injunction, the Eighth Circuit stated:

> Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.
>
> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. . . . Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint . . . . It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely

5

> different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

*Id.* (internal citations omitted). Brakeall's motions for injunctive relief and temporary restraining order (Dockets 146 and 153) are denied.

## II.    Motion to Appoint Expert Witness

Brakeall moves the court to appoint experts in medical diagnosis or pain management, prison staffing, and prison gang activity. Docket 130 at 3. "Federal Rule of Evidence 706 allows the appointment of an expert to aid the Court, and not for the benefit of one of the parties." *Green v. Lake*, 2018 WL 4590004, at *2 (D. Minn. Sept. 25, 2018) (internal quotation omitted). Indigent civil litigants are required to bear the costs of their own experts. *See Reyna v. Weber*, 11-CV-4044, 2012 WL 2999768, at *2 (D.S.D. June 29, 2012).

The court has discretion to determine whether an expert is necessary based on the complexity of the case and the need for a neutral expert. *See U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984); *Leford v. Sullivan*, 105 F.3d 354, 358-59 (9th Cir. 1997). The court finds that an expert is not required in this case. The question of whether defendant has violated plaintiff's Eighth Amendment rights is not so complicated or difficult that experts are required to present or prove the case. Thus, Brakeall's motion for the appointment of an expert witness (Docket 130) is denied.

### III. Motion for Sanctions

Brakeall moves the court to sanction defendants and their counsel for intentional delays in litigation. Docket 133. As an example, Brakeall points to defendants' new failure to exhaust argument in their second motion for summary judgment. *Id.* Brakeall also claims defendants filed their second motion for summary judgment so that the deadline would fall when Brakeall was in Sioux Falls for a trial in a different matter. *Id.*

Defendants responded and argue that they have complied with the scheduling order in this case. Docket 134. Defendants also argue that it is Brakeall's several extensions that caused any undue delay in this case. *Id.* at 2.

The court is mindful of the challenges inmates face when litigating while incarcerated. The court will consider Brakeall's response to defendant's motion for summary judgment. The court does not find that defendants have intentionally delayed litigation and denies Brakeall's motion for sanctions.

### IV. Motions to Appoint Counsel

Brakeall moves to appoint counsel. Dockets 117, 130, 139, 140, 151. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Brakeall appears able to

adequately present his § 1983 claims at this time. Thus, his motions to appoint counsel are denied.

Thus, it is ORDERED:

1. Brakeall's motions for injunctive relief and temporary restraining order (Dockets 146 and 153) are denied.

2. Brakeall's motion to appoint an expert (Docket 130) is denied.

3. Brakeall's motion for sanctions (Docket 133) is denied.

4. Brakeall's motions to appoint counsel (Dockets 117, 130, 139, 140, 151) are denied.

DATED August 2, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE