UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Plaintiff,<br><br>vs.<br><br>DERRICK BIEBER, UNIT MANAGER AT SDSP; IN HIS INDIVIDUAL CAPACITY; RYAN VANDERAA, SDDOC EMPLOYEE EMPLOYED AT SDSP, JPA, AND/OR UNIT C IN SIOUX FALLS, SOUTH DAKOTA; WILLIAM ALLEN, CORRECTIONAL OFFICER WITH THE RANK OF CORPORAL AT SDSP; IN HIS INDIVIDUAL CAPACITY; LT. R. BROWN, SDDOC EMPLOYEE EMPLOYED AT SDSP, JPA, AND/OR UNIT C IN SIOUX FALLS, SOUTH DAKOTA; IN HIS INDIVIDUAL CAPACITY; MAJOR STEVE BAKER, SDDOC EMPLOYEE EMPLOYED AT SDSP, JPA, AND/OR UNIT C IN SIOUX FALLS, SOUTH DAKOTA; IN HIS INDIVIDUAL CAPACITY; AND LT. CHAD ROTERT, SDDOC EMPLOYEE EMPLOYED AT SDSP, JPA, AND/OR UNIT C IN SIOUX FALLS, SOUTH DAKOTA; IN HIS INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:16-CV-04057-KES<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Winston Grey Brakeall, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Dockets 1, 40. Defendants filed a second motion for summary judgment (Docket 121). This court granted in part and denied in part

the defendants' second motion for summary judgment. Docket 196. Brakeall now appeals this court's judgment (Docket 205). Docket 217. He filed a motion to proceed in forma pauperis on appeal and his prisoner trust account. Dockets 218, 219.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Brakeall's appeal is taken in good faith. By filing a motion to appeal Brakeall consented to the deduction of his initial partial appellate filing fee and the remaining installments from his prisoner account. *Henderson*, 129 F.3d at 484. Brakeall submitted a prisoner trust account. Docket 219. He reported average monthly deposits to his prisoner trust account of $178.50 and an average monthly balance of $240.51. Docket 219. Based on this information, Brakeall may proceed in forma pauperis on appeal provided he pays an initial partial appellate filing fee of $48.10, which is 20 percent of $240.51.

Thus, it is ORDERED

1. That Brakeall's motion to proceed in forma pauperis on appeal (Docket 218) is granted.

2. That Brakeall will make an initial partial appellate payment of $48.10 by **January 2, 2020**, made payable to the Clerk, U.S. District Court.

3. That the institution having custody of the Brakeall is directed that whenever the amount in his trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly

payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated 12/02/2019.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE