UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>       Plaintiff,<br><br>vs.<br><br>DERRICK BIEBER, Unit Manager at SDSP, in his individual capacity; RYAN VANDERAA, SDDOC Employee at SDSP, JPA, and/or Unit C, in his individual capacity; WILLIAM ALLEN, Correctional Officer with the Rank of Corporal at SDSP, in his individual capacity; LT. R. BROWN, SDDOC Employee at SDSP, JPA, and/or Unit C, in his individual capacity; MAJOR STEVE BAKER, SDDOC employee employed at SDSP, JPA, and/or Unit C, in his individual capacity; and LT. CHAD ROTERT, SDDOC employee employed at SDSP, JPA, and/or Unit C, in his individual capacity,<br><br>       Defendants. | 4:16-CV-04057-KES<br><br>ORDER DENYING PLAINTIFF'S 60(B) MOTION, DENYING PLAINTIFF'S 56(D) DISCOVERY MOTION, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND TO ADD ADDITIONAL PARTIES/CLAIMS/ TO BIFURCATE PLAINTIFF'S AMENDED CLAIMS |

  Plaintiff, Winston Grey Brakeall, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Pending before this court are Brakeall's motions for Rule 60(b) relief, to reinstate his motion for Rule 56(d) discovery, and to amend his complaint to add defendants/claims and to bifurcate his amended claims. Dockets 206, 238, and 244.

## I. Motion for Relief under Fed. R. Civ. P 60(b)(3) and (6)

This court granted in part and denied in part defendants' second motion for summary judgment. Docket 196. Judgment was entered in favor of defendants Mike Leidholt, Robert Dooley, Darin Young, and Tim Meirose. Docket 205. Now, Brakeall moves for reconsideration under Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6). Dockets 206 and 207.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotations and citations omitted). Brakeall asserts that he is entitled to relief under Rule 60(b)(3) based on his belief that defendants engaged in fraud in their statement of undisputed facts (Docket 129). Docket 207 at 3-4. Brakeall claims he was unable to fairly and fully litigate his failure to staff claim because this court did not grant his Rule 56(d) discovery motion (Docket 163). *Id.* Brakeall argues that in his Rule 56(d) discovery motion (Docket 163), he cited examples of officers falling asleep while on duty and requested discovery on how many hours each employee worked, "the number of times officers had been refused additional shifts due to exhaustion, and answers regarding unspoken compulsion to 'volunteer' for overtime to secure promotion and other benefits." *Id.*

To support his allegations under Rule 60(b)(3), Brakeall must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented him from fully and fairly prosecuting his case. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th

Cir. 2006). Brakeall has not shown with clear and convincing evidence that the defendants engaged in fraud or misrepresentation. Instead, he merely restates that he disagrees with what the defendants stated in their statement of undisputed facts, which Brakeall already litigated in his opposition to defendants' second motion for summary judgment.

Further, Brakeall was not prevented from fully and fairly prosecuting his case. This court granted summary judgment on Brakeall's failure to staff claims because he did not raise a genuine issue of material fact that the conditions of confinement were " 'objectively, sufficiently serious' " and resulted " 'in the denial of the minimal civilized measure of life's necessities.' " *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *See* Docket 196 at 19-20. The court relied on the assault report submitted by defendants. Docket 196 at 19. The level of inmate-on-inmate assaults that resulted in serious injury remained relatively the same from 2014-2016. *Id.* Even if Brakeall had raised a genuine issue of material fact that staffing levels were low, he did not show that the conditions were impacted enough to become a denial of life's minimal necessities as required to show for relief under the Eighth Amendment. *Id.* at 20. Thus, Brakeall is not entitled to a remedy under Rule 60(b)(3).

Nor is Brakeall entitled to relief under Rule 60(b)(6), the catchall provision. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate

3

redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994) (internal quotation marks omitted). Because Brakeall has not identified any exceptional circumstances, he is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure and his motion for reconsideration (Docket 206) is denied.

## II. Motion to Reinstate Brakeall's Motion for 56(d) Discovery

Brakeall moves to reinstate his motion for Rule 56(d) discovery on his failure to staff claims. Docket 238. Summary judgment was entered against Brakeall on his failure to staff claims and discovery was stayed regarding the defendants' third motion for summary judgment based on qualified immunity. *See* Dockets 200-202. Thus, Brakeall's motion to reinstate his motion for Rule 56(d) discovery (Docket 238) is denied.

## III. Motion to Amend and Bifurcate Amended Claims

This court appointed counsel to represent Brakeall on his remaining failure to protect claims against defendants Derrick Bieber and William Allen. Docket 224. Brakeall's newly appointed counsel moves to amend Brakeall's complaint and add Darin Young and Mike Leidholt (substituted for Dennis Keamingk) in their official capacities as defendants in Brakeall's failure to protect claims. Docket 245 at 1-2. Brakeall's counsel also requests that this court allow him to add additional causes of action for "common law negligence

4

arising out of the same nucleus of operative facts; and . . . find that the proposed amendment 'relates back' to . . . the original Complaint[.]" *Id.* at 2.

Federal Rule of Civil Procedure 15 governs amendments of pleadings. *See* Fed. R. Civ. P. 15(a). Under the rule, a party may amend a pleading once as a matter of right within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1). Thereafter, the party may amend only with the written consent of the opposing party or the court's permission. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Even under this generous standard, a court may deny a request to amend for " 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

"A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Further, a "[d]enial of a motion for leave to amend on the basis of futility means

the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Moody v. Vozel*, 771 F.3d 1093, 1095-96 (8th Cir. 2014) (internal quotation omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Brakeall now seeks to add defendants Young and Leidholt (substituted for Kaemingk) to Brakeall's failure to protect claims. Docket 245 at 1-2. This court has conducted two 28 U.S.C. §1915A screenings and has dismissed Brakeall's failure to protect claims against Young and Kaemingk. Docket 16 at 20; Docket 39 at 5-6. Now, Brakeall asks to add Young and Leidholt in their official capacities and seeks only injunctive relief as a remedy. Docket 245 at 1-2. This new claim focuses on a different legal argument than Brakeall previously asserted. Brakeall's previous failure to protect claim asserted that Young and Kaemingk were deliberately indifferent to a substantial risk of serious harm to Brakeall. This claim did not survive 28 U.S.C. § 1915A screening because Brakeall did not present evidence that Kaemingk and Young knew of the danger that Brakeall was in. Docket 16 at 20; Docket 39 at 6.

In Brakeall's amended complaint (Docket 244-1), his failure to protect claim against Young and Leidholt (substituted for Kaemingk) is based on Young and Leidholt's alleged failure to train employees or to promulgate or amend SDSP or SDDOC policies that would prevent Brakeall and similarly situated detainees (i.e. sex offenders) from suffering harm because their assigned housing unit is incompatible with the nature of their offense. Docket 244-1 at

6

9-11.[1] Brakeall asks for injunctive relief against Young and Leidholt. *Id.* Brakeall "consulted with [d]efendants regarding the proposed amendment and bifurcation requested herein, but [d]efendants would not agree to stipulate to [p]laintiff's motion." Docket 245 at 3.

Under a Federal Rules of Civil Procedure 12(b)(6) analysis, Brakeall's claims for injunctive relief would not be futile. Case law regarding claims against supervisors for failure to train or failure to supervise is well established in the Eighth Circuit. A supervisor:

> may be held liable under § 1983 if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation[.] The standard of liability for a failure to train [] is deliberate indifference. The standard of liability for failure to supervise is 'demonstrated deliberate indifference or tacit authorization of the offense acts.'

*Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806-07 (8th Cir. 1994) (quoting *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989) (internal citations omitted)). "The plaintiff must show that supervisor was 'deliberately indifferent to or tacitly authorized the offending acts,' which requires evidence that 'the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.' " *Barton v. Taber*, 908 F.3d 1119, 1125 (8th Cir. 2018) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)).

---

[1] " '[V]icarious liability is inapplicable to . . . § 1983 suits[.]' " *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "[A] supervising officer can be liable . . . only if he directly participated in the constitutional violation, or his failure to train or supervise the offending actor caused the deprivation." *Id.* (internal quotation omitted).

The precedent within the Eighth Circuit involves claims where a supervisor is liable for failure to train or supervise his or her subordinates. Brakeall's claim in the amended complaint alleges that the supervisors, Young and Leidholt, are liable for their own Eighth Amendment violations by implementing defective policies that put Brakeall and other similarly situated detainees (i.e. sex offenders) in a substantial risk of serious harm. The court is not aware of any Eighth Circuit precedent regarding a similar type of claim, but the Third Circuit has addressed a similar claim in *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

> In *Beers-Capitol v. Whetzel*, the Third Circuit clearly set forth the:
>
> four-part test, based on the Supreme Court's reasoning in *City of Canton v. Harris*, . . . for supervisor liability on an Eighth Amendment claim for failure to properly supervise. Under this regime, to hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

256 F.3d 120, 134 (3d Cir. 2001) (internal citations omitted). This court finds that this four-part test is consistent with Eighth Circuit precedent and is a helpful guide for what Brakeall must show to establish his claim that Young and Leidholt promulgated or failed to amend policies that caused an alleged violation of Brakeall's Eighth Amendment rights. To show prong three—that the supervisor was indifferent to the risk—the Eighth Circuit's precedent still holds that Brakeall "must show that the supervisor was 'deliberately indifferent to or

8

tacitly authorized the offending acts,' which requires evidence that 'the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.' " *Barton*, 908 F.3d at 1125 (8th Cir. 2018) (quoting *Tlamka*, 244 F.3d at 635).

Defendants oppose Brakeall's motion to amend the pleadings and to bifurcate, arguing that Brakeall's request for injunctive relief is moot. Docket 259. Defendants argue that the scenario set forth by Brakeall (that he may be paroled or end up housed at SDSP) has already been addressed by this court in its order (Docket 98). *Id.* at 2. Normally, "a prisoner's claim for injunctive relief is moot if the prisoner is no longer subject to the conditions of which he complained." *Kurtz v. Denniston*, 872 F. Supp. 631, 636 (N.D. Iowa 1994); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (holding plaintiffs' case was moot because they had been transferred out of the "annex" where they argued their constitutional rights were violated); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (holding that the plaintiff's claims were rendered moot when he was no longer incarcerated). Brakeall claims that because Young has supervisory authority over the daily activities of SDSP and because Leidholt ensures the management of the institutions "[defendants] should be [e]njoin[ed] . . . from transferring or housing [p]laintiff in East Hall for the remainder of his sentence. . . injunctive relief against [d]efendant Young to adequately train SDSP staff on the policies in place to mitigate assaults on detainees similarly situated to [p]laintiff is likewise proper." Docket 245 at 11-12. Even though Brakeall is no longer housed at

9

SDSP, the DOC shares the same policies and procedures at all adult facilities.[2] Brakeall's amended complaint not only attacks the policies set forth at SDSP but also the general policies of the DOC. *See* Docket 244-1 at 9-11; Docket 245 at 11-12. Thus, Brakeall's request for injunctive relief is not moot because he is still subject to the same policies and procedures. A review of Brakeall's amended complaint shows he has adequately alleged a non-futile Eighth Amendment claim for failure to train or promulgate policies that would prevent Brakeall and other similarly situated sex offender detainees from harm because their designated housing unit is incompatible with the nature of their offenses. This claim survives screening.

Brakeall also moves to add a claim of common law negligence against Young and Leidholt. Docket 244 at 2. The proposed amendment alleges that Young and Leidholt negligently and carelessly failed to ensure Brakeall's safety and well-being while he was incarcerated, by failing to supervise their staff and adequately train their employees in the policies and procedure in place to prevent inmate assaults. Docket 244-1 at 10. Discovery does not close on this case until July 1, 2020. Docket 256. Motions are not due until August 3. 2020. *Id.* Because this motion was not made in bad faith, unduly delays, or for a dilatory motive, and it does not appear futile on its face or unduly prejudicial to defendants, the motion to amend is granted.[3]

---

[2] *See* South Dakota Department of Corrections, https://doc.sd.gov/about/policies/ (last visited April 8, 2020).
[3] This court has screened Brakeall's amended complaint (Docket 244-1). Brakeall's amended claims against Young and Leidholt and the pendant

Finally, the court denies Brakeall's motion to bifurcate his amended claims. Brakeall and defendants have until July 1, 2020, to complete discovery and motions are due by August 3, 2020. Docket 256. Federal Rule of Civil Procedure 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). In determining whether to bifurcate under Rule 42(b), consideration must be given to "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) (citing *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983)). At this time, while motions may still be filed and discovery is ongoing, Brakeall's motion to bifurcate his claims for trial (Docket 245) is premature and denied. Thus, it is ORDERED:

1. That Brakeall's motion for 60(b) relief (Docket 206) is denied.
2. That Brakeall's motion for Rule 56(d) discovery (Docket 238) is denied.

---

common law negligence claims survive 28 U.S.C. § 1915A review. Also, the court has supplemental jurisdiction over Brakeall's state law claims under 28 U.S.C. § 1367. Brakeall's appointed counsel shall represent Brakeall on the amended claims asserted in (Docket 244-1) as well as the failure to protect claims against Allen and Bieber.

11

3. That Brakeall's motion to amend his complaint to add additional parties and claims and to bifurcate the amended claims (Docket 244) is granted in part and denied in part.

Dated April 8, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE